United States District Court
Southern District of Texas

**ENTERED**

March 23, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IGNACIO APARICIO RAMIREZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-00425 |
| | § | |
| RANDY TATE, *et al.,* | § | |
| | § | |
| Respondents. | § | |

## ORDER OF DISMISSAL

At the time the petitioner, Ignacio Aparicio Ramirez, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, he was a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials at the Montgomery Processing Center in Conroe, Texas. Respondents advise that Petitioner was removed from the United States on February 17, 2026. Doc. No. 8. Petitioner does not dispute that he has been removed and that this case is moot.

Because the petitioner is no longer in custody and no controversy remains, his petition must be dismissed as moot. *See Spencer v. Kemna*, 118 S. Ct. 978, 983 (1998) (holding that a case becomes moot if it "no longer present[s] a case or controversy under Article III, § 2 of the Constitution" because "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit'") (quoting *Lewis v. Cont'l Bank Corp.*, 110 S. Ct. 1249, 1254 (1990)).

1 / 2

Therefore, the Court **ORDERS** as follows:

1. This habeas petition is **DISMISSED** without prejudice as **MOOT.**

2. All pending motions, if any, are **DENIED as MOOT.**

3. This case is **CLOSED**.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED on this ___23rd___ day of March 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE